IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S&C ELECTRIC COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>LODESTAR ENERGY LLC; LSE CANIS MAJOR LLC; LSE CANIS MINOR LLC; LSE CANES VENATICI LLC; LSE COMA BERENICES LLC; LSE GEMINI LLC; LSE FORNAX LLC; LSE CASSIOPEIA LLC; LSE DORADO LLC; and LSE DRACO LLC,<br><br>        Defendants. | Case No. 21 C 2776<br><br>Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

The Defendants, Lodestar Energy LLC, LSE Canis Major LLC; LSE Canis Minor LLC, LSE Canes Venatici LLC, LSE Coma Berenices LLC; LSE Gemini LLC, LSE Fornax LLC, and LSE Cassiopeia LLC (hereinafter, "Lodestar" and "LSE Defendants") have moved to dismiss or, in the alternative, for a change of venue of this collection action brought by the Plaintiff, S&C Electric Company ("S&C"). (Dkt. No. 26.) For the reasons stated herein, both Motions are denied.

### I. FACTS

According to the Complaint, S&C, a Delaware corporation with its principal place of business in Chicago, Illinois, entered into

a series of Engineering, Procure and Construct contacts (the "EPC Contracts") to provide "turnkey, design, and construction related services" and to procure and supply equipment for certain specific solar projects at various locations in Massachusetts and Connecticut. (*See, e.g.*, Compl. ¶ 26, Dkt. No. 8.) There is a separate contract with each of the LSE Defendants, which are all single purpose entities, to develop specific solar projects. Each of the LSEs are limited liability companies wholly owned by the Defendant, Lodestar, which itself is a Connecticut limited liability company. The specific LSEs are either Massachusetts or Connecticut LLCs, depending on the location of the specific solar project.

Each of the Contracts contain "CONSENT TO JURISDICTION" clauses that are uniform except for the forum, which depends on whether the specific LSE is located in Massachusetts or Connecticut. (EPC Agreement § 24.04, Compl., Ex. 1, Dkt. No. 8-1.) The forum clause reads as follows:

> Consent to Jurisdiction. Each of the parties hereby irrevocably consents and agrees that any legal action or proceedings brought pursuant to Article 22 may be brought either in federal district court of the United States or the trial courts located in the State of Connecticut and by execution and delivery of this Agreement, each of the Parties hereby (i) accepts the jurisdiction of the foregoing courts . . . (iii) irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venues of any suit, action or proceedings with respect thereto, and further irrevocably waives to

>    the fullest extent permitted by law any claim that any
>    such suit, action or proceedings brought in any such
>    court has been brought in an inconvenient forum.

(*Id.*) The clauses are identical except for the specification of Connecticut for the Connecticut LSEs and Massachusetts for the Massachusetts LSEs.

The Contracts also each contain a claim notice and resolution procedure in Article XXII of the EPC Contracts. (*Id.* § 22.) Essentially these provisions provide for the presentation of a claim or dispute from one party to the other. Any unresolved claim or dispute shall then be resolved under the procedures set forth in Article XXIII through a "management settlement conference," which the contracts do not define. (*Id.* § 23.02.) As set forth in this provision, Attendance with authority to settle at a management settlement conference is a condition precedent to the filing of litigation.

## II. DISCUSSION

### A. Defendants' Position

Defendants contend that Plaintiff's Complaint should be dismissed because this Court does not have jurisdiction to hear the case. The reason, according to Defendants, is the presence of the forum selection clause contained in each of the Contracts that specifies exclusive jurisdiction in either Massachusetts or Connecticut depending on the particular Defendant. Second, the

Contracts each contain a specific claims resolution procedure that Plaintiff did not utilize which is a condition precedent to filing a lawsuit. Finally, as an alternative to dismissal, the Defendants contend that venue should be changed from the Northern District of Illinois to the Districts of Massachusetts and Connecticut, respectively.

### B.  The Plaintiff's Position

The position of the Plaintiff is that the consent to jurisdiction clause is not a mandatory forum selection clause, as the clause in question uses the permissive "may" rather than the mandatory "shall." Second, the Complaint alleges that all conditions precedent have been satisfied and, in addition, based on the declarations of its Operating Director, Eric Wagner, the parties clearly engaged in extensive and time-consuming claim settlement activities involving management from both S&C and Lodestar, over a long period of time and which ended unsuccessfully. Finally, Plaintiffs argue that Defendants have not provided specific facts seeking to demonstrate inconvenience and breaking up the case into duplicative and overlapping cases, and that transferring them to two different federal districts is not convenient to anyone.

### C.  The Forum Selection Clause

As Plaintiff argues that the forum selection clause uses the non-mandatory "may" rather than the mandatory "shall," which normally is interpreted as indicating permissive rather than mandatory. Such clauses are interpreted as consents to jurisdiction and not limits to jurisdiction.

The Seventh Circuit in *Paper Express Limited v. Pfankuch v. Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) stated:

> The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

In this case the Contracts speak of jurisdiction and as noted above speak in non-mandatory language. The obvious intent of the provisions is to provide jurisdiction in Massachusetts and in Connecticut in the event any of the Defendants wanted to sue S&C for breach of contract in their home districts and is not intended to limit S&C from having the ability to sue any of the Defendants in the Northern District of Illinois. Defendants acknowledge that, but for the consent to jurisdiction clause, this Court has jurisdiction over Defendants in the Illinois forum. The Motion to Dismiss for Improper Forum is denied.

### D. The Condition Precedent

The affidavit of Eric Wagner describes the many meetings and extensive negotiations between the parties, through their

respective managements, carried on over a 4 to 5 year period that clearly demonstrate that the parties have exhausted efforts to arrive at a settlement of S&C's claim for monies due from Defendants. Defendants appear to concede the point by limiting their reply to S&C's response by burying their reply in a footnote. The Court finds that the Complaint adequately pled exhaustion of the contractual claim settlement and resolution procedures. There is no basis for dismissing the case on this point and the Motion to do so is denied.

### E. Inconvenient Forum

The Defendants were completely perfunctory in their opening brief concerning their contention that Chicago is an inconvenient forum. Their argument consisted of pointing out that the Massachusetts and Connecticut courts have jurisdiction over the cases and that it will be "grossly inconvenient and expensive" for the parties and (unnamed) witnesses to travel to Illinois for depositions and trial. The only other argument is that a Massachusetts and a Connecticut judge would be more familiar with Massachusetts and Connecticut laws which the respective Contracts specify. However, there was no suggestion that the Illinois' laws applicable to this case differ in any material respect from the laws of Massachusetts and Connecticut. Arrayed against these arguments is Plaintiff's argument that acceding to Defendants'

Motion will require the case to be split into separate cases in Massachusetts and Connecticut federal courts which would be very inconvenient for all, including the courts. A party seeking a transfer bears a heavy burden to overcome the strong presumption in favor of the chosen forum. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 806 (7th Cir. 2016). To rely on inconvenience of witnesses it is incumbent on the mover to specify clearly the key witnesses to be called and give a general statement of their testimony. *Handler v. Kenneth Allen & Assocs., P.C.*, No. 10 C 3728, 2011 WL 1118499, at *3 (N.D. Ill. Mar. 24, 2011). The Court notes that Defendants have attempted to supply such necessary information in their Reply Brief which is too late. *Shlay v. Montgomery*, 802 F.2d 918, 922 n.2 (7th Cir. 1986). The Motion to Transfer Venue is denied.

### III.  CONCLUSION

For the reasons stated herein, the Motions of the Defendants to Dismiss are denied and the Motion to Transfer Venue is denied.

**IT IS SO ORDERED.**

                                                                         Harry D. Leinenweber, Judge
                                                                         United States District Court

Dated: 3/10/2022